## DUNSTAN v. HIGGINS.

*(Supreme Court, General Term, First Department. February 18, 1892.)*

FOREIGN JUDGMENTS—ACTIONS ON.

    In an action on a judgment rendered by a foreign court having full jurisdiction of the parties and the subject-matter, the justice or propriety of an order made by it, denying an application for a commission to take testimony in this country, cannot be reviewed.

Appeal from circuit court, New York county.

Action by Henry George Dunstan against Cecil C. Higgins on a judgment of an English court. The court denied a motion for a commission to take testimony, and rendered judgment for plaintiff. Defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Frank Sullivan Smith,* for appellant. *Ten Eyck & Remington,* (*S. R. Ten Eyck,* of counsel,) for respondent.

PATTERSON, J. This action was brought on a judgment recovered in the supreme court of judicature in England against the defendant for an alleged balance due on a contract, by which the plaintiff undertook to build a coach of a certain kind for the defendant. There can be no question of proper personal service on the defendant of the original process by which he was brought into the English court, for it is virtually admitted in the twenty-second paragraph of the answer. The whole of the present defense seems to be based on a notion that injustice was done the defendant because the English court would not allow a commission to take testimony in this country as to certain matters affecting the rights of the parties. In the present suit a motion was also made for a commission to take testimony as to the merits, which was denied, and the appeal, coming on to be heard both from the judgment and order, may be disposed of in a few words.

It is perfectly evident that the court in England acquired jurisdiction over the person of the defendant and the subject-matter of the action, and that, having such jurisdiction, it declined to grant a motion to take testimony on commission, and that thereafter it rendered judgment in due course of law and after issue joined against the defendant. When such a judgment is sued on here, it is not for us to review merely interlocutory orders, or what may be called matters of procedure, nor to inquire into the merits of the original controversy, for that would be to destroy the whole theory upon which judgments of foreign tribunals are made effectual here, and reciprocally on which we should expect them to enforce ours in their jurisdictions, on the principle of international comity. We therefore will not say, under such circum-

stances, that, if the concrete case were before us, we might have made a different order or reached a different result. The English judgment was rendered after full opportunity to be heard, and, if it is to be enforced at all, it must be on the ground that it is a finality, and not open to review, and that the merits of the original controversy are not now in any way before us. The order denying the motion to take testimony on commission was properly made in this action, and the judgment appealed from must be affirmed, with costs.

O'BRIEN, J., concurs.

VAN BRUNT, P. J., (*concurring.*) The appellant admits that the rule has been settled in this state by the court of appeals in the case of *Lazier* v. *Westcott*, 26 N. Y. 146, against her right to impeach the judgment sued upon in the manner proposed; but hopes to change their views, if their attention is called to the question again. We know of no other way in which that can be accomplished except by an appeal from the judgment of affirmance to be entered herein. We cannot reverse a judgment merely upon such expectation. I therefore concur.